ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 JUN -5  PM 3:50

DEPUTY CLERK_____

CASE NO.: 3-19CV-1355N

SHIRLEY A. FLOWERS, Pro Se,

5002 Bay View

Garland, Texas 75043

Plaintiff,

V

GARY C. THOMAS, President, Executive Director,

DART (Dallas Area Rapid Transit),

ANTHONY RAGINS, Assistant Manager,

JACOB JAMES, Safety Officer,

'ATU' (Amulgamated Transit Union) Local 1338,

DAVID HOBDEN, Interim Director Operation Safety,

KENNETH DAY, VINCENT TIMMONS, KATHY PHILLIPS, Et al,

Defendants

_____/

QUI TAM COMPLAINT, AND

COMPLAINT FOR DAMAGES, AND

MOTION FOR TRIAL BY JURY

MOTION FOR EMERGENCY RESTRAINING ORDER AND INJUNCTIVE RELIEF

COMES NOW, Shirley A. Flowers, Pro Se, herein referred to and known as Plaintiff, being a Lay person unskilled and unlearned of The Law, Rules Of Court, Rules Of Civil Procedure, Rules Of Evidence, U.S. Constitutional Law, Applicable State of Texas Laws relating to the matters herein presented, and any and all other relevant and germane Laws, Rules, Regulations, Codes, Statutes, etc., and therein Plaintiff does respectfully ask The Court to apply The Rule Of Liberality in both interpreting and construing this pleading, and now submits this Qui Tam Complaint (Pursuant to and consistent with The Federal 'Whistle Blower Act'), Complaint For Damages, And Motion For Trial By Jury, And Motion For Emergency Restraining Order And Injunctive Relief, and would show The Court the following in support:

1. Whereas Plaintiff solemnly swears and avers under penalty of perjury and prosecution by law that all the herein related statements, facts, information, and events are true and correct and Plaintiff intends to testify to same in Court at trial.

2. Whereas Plaintiff further states that as a direct result of the continually increasing overt and intentional abject denials of her Constitutional and Employee Rights by DART, It's Managerial Staff, Managers, and others both known and unknown to Plaintiff compounded by the further denial of any information, facts, evidence, statements, videos, reports, etc., that are all justly and rightly due Plaintiff in order for her to have a fair hearing in and on the allegations DART has levied against her, Plaintiff has been forced to seek the necessary intervention and assistance of The Court by way of this action.

3. Whereas be it further known, that pursuant to the foregoing Statements 1 and 2, and Plaintiff discovering daily of both express overt intentional fraud and denial of Plaintiff's Employee Rights and U.S. Constitutional Rights, Plaintiff expressly reserves the right to Supplement, Amend, Brief, and otherwise make necessary changes including submission of relevant and germane Evidentiary Documents up to commencement of Trial.

4. Whereas Plaintiff states 'Part-N-Parcel' as a 'Condition of Employment' she is required to be a 'Dues Paying Member' of The 'ATU' Amulgamated Transit Union Local 1338, whereby every pay a specific amount of funds is designated as 'Union Dues', and then is Deducted from her Pay, with the express understanding that not only is this a perquisite and on-going requisite for continuing employment with DART (Dallas Area Rapid Transit) as a Driver/Bus Operator, that also The Plaintiff would have personal representation by a Union Representative at any and all Hearings including but not limited to 'Disciplinary Hearings' and any and all other Hearings, with the key word being 'Represented' with full understanding and implied and legal meaning of 'Representation'.

5. Whereas Plaintiff was intentionally led to believe that she would have any and all her Employee Rights fully protected, asserted at all times, and that her Union Representative would aggressively and diligently investigate any allegation of alleged violation of DART Policy and represent her to ensure that she is not wrongly nor maliciously charged, and more importantly, that she would have benefit of representation along with being provided copies of any and all documents, evidence, statements, reports, witnesses, etc., necessary for her to

adequately and effectively mount and prepare, and then defend herself should the need become necessary, yet this has not happened, despite Plaintiff ensuring that her 'Union Dues' are indeed regularly paid in full and are current.

6. Whereas Plaintiff states that she knows personally and has witnesses where exactly what was and is being done to her in an overt and crass manner in DART's blatant attempt to wrongly terminate her in retaliation for her questioning her lack of adequate representation and being denied provision of the DART Materials (Evidence, Reports, Videos, Statement's, Witnesses, etc.,) against her for the malicious charge DART has preferred against her.

7. Whereas Plaintiff states that being employed by DART as a Bus Driver/Operator, she is charged with and Certified as a Safe Bus Driver/Operator, and does at all times not only maintain and ensure that she diligently adheres to all DART Bus Operator Driver Policy, she also maintains Safe Driving Practice and Procedures at all times.

8. Whereas with all the foregoing being true and correct, Plaintiff was presented with a 'DART Interoffice Memorandum Nmber CM# 7016 0910 0001 9765 5883 in which Anthony Ragins, Assistant Manager for DART issued a 'Written Warning for the alleged violation of the DART Hourly Employment Manual to wit:

**Section 8.3 Unacceptable Conduct**
    **H. Safety Violation**
        **5. Operation of a vehicle or other equipment in an unsafe manner.**

9. Whereas same 'Written Warning' claims: **DESCRIPTION OF OCCURRENCE:** "...The Operator was involved in an event with another vehicle while operating coach 39103 at Forney and Wimbelton...."

10. Whereas The **OPERATOR STATEMENT: "...**Operator stated in the report that 'BUS WAS WESTBOUND AT FORNEY AND WIMBLETION [SIC], AT A BUS STOP, AFTER PICKING UP CUSTOMERS I CHECKED MY MIRRORS TO MAKE SURE THAT EVERYTHING WAS CLEAR, THEN I PROCEEDED TO MOVE FORWARD, WHILE DRIVING A TRUCK TURN FROM MY LEFT SIDE TO MAKE A RIGHT TURN IN FRONT OF MY BUS, IN DOING SO HE HIT THE BIKE RACK CAUSING DAMAGE TO IT AND A CUSTOMERS BIKE,..."

    **JUSTIFICATION OF CLASSIFICATION:** 'This event was classified as a 'PREVENTABLE ACCIDENT' as the operator failed to ensure the clearance prior to merge back in to the traffic..."

11. Whereas the alleged 'Preventable Accident' as noted on the foregoing Interoffice Memorandum is claimed to have occurred on January 18th, 2019 in which Plaintiff was 'provided' a Written Warning' and the 'Disciplinary Action' taken against Plaintiff at that time was "...**'Retrained** One Day'.

12. Whereas despite diligently requesting all the relevant and germane Information, Facts, Evidence, Reports, Video(s), Statements, Investigative Findings, etc., and not having been provided same, Plaintiff therein was forced to present a 'Fatally Defective' defense to the accusation of a 'Preventable Accident' having been denied her Due Process Rights, Plaintiff was summarily 'Found Guilty' of 'A Preventable Accident'.

13. Whereas Plaintiff did diligently and timely following prescribed DART Policy, did 'File an Appeal.

14. Whereas circa May 22nd, 2019, Plaintiff received via U.S.P.S. Certified Mail Number 7010 1870 0003 4939 5618, a Letter from David Hobden, The Interim Director Operation Safety in which he states: "... In accordance with DART's administrative review processes, I have completed my review [sic] your appeal regarding your accident of January 18th, 2019 involving DART's coach #39103. After a thorough review of the Safety Department's documentation and your oral presentation at the appeal hearing I have concluded that this accident was **preventable. ...**Therefore, I am upholding the Safety Specialist's investigation and finding that his was a **preventable** accident...".

15. Whereas Plaintiff knows of substantial Evidence to the contrary that is in the exclusive custody and control of both DART, It's Safety Department, The 'ATU' (Amulgamated Transit Union Local 1338), The involved Police Department and it's Police Officers and Investigators that will exonerate Plaintiff of this Claim, Finding, and Upholding of Plaintiff having allegedly been involved in a **'Preventable'** Accident, and that DART, The 'ATU', (Amulgamated Transit Union), DART Safety Department, Appeal Hearing Process Officers and others both known and unknown to Plaintiff have not only Tampered with and otherwise Concealed same Evidence allowing the wrongful 'Finding' and Upholding of Plaintiff allegedly being involved in a **'Preventable'** Accident, but that in fact The 'ATU' (Amulgamated Transit Union), just as they have in several other cases and

with and against individuals that Plaintiff knows of, likewise Concealed, Withheld, and otherwise denied other DART Bus Driver/Operators the relevant and critical evidence, reports, videos, etc., that would have exonerated them of the allegations against them. Instead at least 1 that Plaintiff knows of was summarily discharged on the same type of flimsy case against that Driver/Operator.

16. Whereas Plaintiff will show, prove, and provide evidence to The Court and Jury of the fraudulent tactics used by DART, The 'ATU', and others known and unknown to Plaintiff expressly for Terminating Bus Driver/Operators at the express behalf of DART without benefit of any Due Process of The Law, nor any of their Employee Rights while simultaneously committing fraud charging the Plaintiff and other DART Bus Driver/Operators for what is deemed 'Union Protection' and not doing so and or providing representation that is so sub-standard as to be a mockery and ensures that The Plaintiff and other DART Bus Driver/Operators are denied even a modicum of Due Process and Justice and are consistently and continually found 'Guilty' of both 'manufactured' accidents as well as contrived 'Guilt', while taking their money which is directly tantamount to Theft By Deception and Obtaining Money Under False Pretenses and Deceptive Trade Practices.

17. Whereas Plaintiff states that it this is an Emergency Request for Intervention by The Court and The Protection The United States Constitution and Texas State Labor Laws Provide for the abhorrent actions by DART and The 'ATU' (Amulgamted Transit System), and same request includes but is not limited to:

Plaintiff respectfully asks That The Court Take Jurisdiction of The Matter and Mandate that DART and it's quasi Appeal Board not conduct any Hearing on her Appeal in this matter without same being conducted before The Court and Jury, and that further prior to the conductance of same, that DART and It's Safety Board and or all others involved directly, indirectly, or otherwise immediately provide and furnish to Plaintiff True and Correct Copies of any and all Materials, Records, Reports, Investigative Findings, Videos, Witnesses Statements, etc., to Plaintiff to enable Plaintiff to thoroughly review same to be able to both prosecute this Qui Tam Action against DART and The 'ATU' (Amulgamated Transit Union), as well as all involved other Party's, and that further, Plaintiff respectfully requests that The Court issue an Order of Injunction against DART from taking any type of Punitive and or Disciplinary Action against Plaintiff pending the conductance of the trial requested herein by Plaintiff and a final 'Finding' by The Court and that same Injunction Prevent DART from: Terminating Plaintiff, Laying Her Off, Placing her on any type of Leave (Administrative or Otherwise), and taking any other adverse action against Plaintiff as DART is known for direct retaliation against Bus Driver/Operators for being 'Whistle Blower's against DART and The 'ATU' (Amulgamated Transit Union),s Fraudulent Practices and Illegal Actions.

18. Whereas Plaintiff does further respectfully ask that The Court deem this an Emergency as herein so stated and cited and take immediate action and Issue the herein sought Restraining Order and Order of Injunction in the interest of Due Process of The Law and Justice, and Plaintiff further asks that The Court Seal this Action in the interest of safety and well-being of Plaintiff.

Whereas Plaintiff states that all the herein foregoing are true and correct facts, events, and information, and that Plaintiff solemnly swears and avers same is true and correct and intends to testify to same in Court under the penalty of perjury and prosecution by law.

Respectfully Prayed,

Dated: 6/4/19               /s/ *Shirley A. Flowers*

Shirley A. Flowers, Pro Se
5002 Bay View
Garland, Texas 75043
(972) 998-5455
Shirleyann06@yahoo.com

**DART**

Dallas Area Rapid Transit
P.O. Box 660163
Dallas, TX 75266-0163
**214-749-3278**

CERTIFIED MAIL: 7010 1870 0003 4939 5618

May 22, 2019

Ms. Shirley Flowers- 27476
5002 Bay View
Garland, Tx 75043

Dear Ms. Flowers:

In accordance with DART's administrative review processes, I have completed my review your appeal regarding your accident of January 18, 2019 involving DART's coach #39103.
After a thorough review of the Safety Department's documentation and your oral presentation at the appeal hearing I have concluded that this accident was **preventable.**

Therefore, I am upholding the Safety Specialist's investigation and finding that this was a **preventable** accident.

In the event you do not agree with my decision, in accordance with Section 9.13B, step 2 of the DART Hourly Employment Manual, you may appeal this decision within (5) working days of the receipt of notification. The appeal must be in **writing and must state the reason(s)** you believe this accident was **"non-preventable"**. You must deliver the written appeal request to Ms. Juana De La Cruz the Safety Representative for the office of Operations Safety at 1401 Pacific Ave., Dallas, Texas in cubicle 4402 or by e-mail jdelacru@dart.org or fax 214-749-3670.

Should you have any questions pertaining to this decision, please call Operations Safety at (214) 749-3346.

Sincerely,

David Hobden
Interim, Director Operation Safety

c:       Kenneth Day           Vincent Timmons        Jacob James
         Kathy Phillips        Anthony Ragin          File



# INTEROFFICE MEMORANDUM

CM# 7016 0910 0001 9765 5883

**DATE:** January 31, 2019

**TO:** Shirley Flowers / #27476

**FROM:** Anthony Ragins, Asst. Manager

**SUBJECT:** Written Warning- Preventable Accident

This is to inform you are being issued a written warning for the following violation of the DART Hourly Employment Manual:

> **Section 8.3 Unacceptable Conduct**
> **H. Safety Violation**
> 5. **Operation of a vehicle or other equipment in an unsafe manner.**

On **January 31, 2019**, Jacob James, Safety Specialist informed me that you were involved in a preventable accident on **January 18, 2019**.

**DESCRIPTION OF OCCURRENCE:** The Operator was involved in an event with another vehicle while operating coach 39103 at Forney and Wimbelton.

**OPERATOR STATEMENT:** Operator stated in the report that" BUS WAS WESTBOUND AT FORNEY AND WIMBLETION , AT A BUS STOP,AFTER PICKING UP CUSTOMERS I CHECKED MY MIRRORS TO MAKE SURE THAT EVERYTHING WAS CLEAR, THEN I PROCEEDED TO MOVE FORWARD, WHILE DRIVING A TRUCK TURN FROM MY LEFT SIDE TO MAKE A RIGHT TURN IN FRONT OF MY BUS, IN DOING SO HE HIT THE BIKE RACK CAUSING DAMAGE TO IT AND A CUSTOMERS BIKE, "

**JUSTIFICATION OF CLASSIFICATION:** This event was classified as a PREVENTABLE ACCIDENT as the operator failed to ensure the clearance prior to merge back in to the traffic.

Our records indicate you were involved in a preventable accident on the following dates:

| Date | Management Response | Retrained |
|---|---|---|
| 01/18/2019 | Written Warning | One day |

You have been counseled on your preventable accident and it has been explained to you that it is unsatisfactory. **You are scheduled to report for retraining on TBD at 201 N. Peak, second floor, Training Department at 8:00 a.m.**

You will return to regular duty on **TBD.** Once again, you are hereby encouraged to improve your performance.

If your performance does not improve and you have another preventable accident before **July 18, 2021**, further disciplinary action will be taken as per Section 8.3, Unacceptable conduct; (H) Safety violation (5) operation of vehicle or other equipment in an unsafe manner.

Written Warning – Preventable Accident
Shirley Flowers / #27476
January 31, 2019
Page 2

Within five (5) working days of your receipt of this notice, you have the right to appeal the classification to **Donna Johnson, Manager, Industry Safety & Health by providing a written notification can be mailed to mail code #7215 or faxed <u>214-749-3670</u> to the attention of Donna Johnson and/or Juana Delacruz.**

Section 9.13 A (1) of the Hourly Employment Manual which states:

**9.13. Accident Appeal Process (Revised 10-01-02)**

> A. If an employee does not agree with an accident classification and wishes to appeal it, they can do so through the accident appeal process. The first step in the process is as follows:
>
>> 1. Within five days of receipt of the written classification, an appeal must be made to the Safety Manager or their designee. The appeal must be in writing, and must specifically state the reason(s) the employee believes the **accident is not preventable.**

Your failure to appeal within the time specified will forfeit your right to appeal and this action will become final. You may submit your appeal individually or through your representative. You are also reminded of the Employee's Assistance Program (EAP), which is there for your benefit if their service is needed.

**E4** E4Health: 1-800-227-2195
www.helloE4.com
Username: dart
Password: dart

_____      2-7-19
Anthony Ragins, Asst. Manager       Date
East Dallas Bus Operations

AR/dms


_____      _____
Received by: Shirley Flowers / #27476    Date

c: ELR
   Employee Personnel File

# Dallas Area Rapid Transit
## OPERATIONS SAFETY
## ACCIDENT CLASSIFICATION
### DATE: 1/31/2019

**CLASSIFICATION : PREVENTABLE**     **FILE# : D117665**

**EMPLOYEE NAME:** SHIRLEY FLOWERS  **EMPLOYEE ID:** 27476  **ACCIDENT DATE:** 1/18/2019

**DIVISION:** EDBOF  **EMPLOYEE CONTACT:** 1/28/2019

**LOCATION OF ACCIDENT:** Forney and Wimbelton.

**ROUTE:** 11103  **VEHICLE:** BUS   **VEHICLE ID:** 39103

**DART VEHICLE DAMAGE:** YES   **DAMAGE TO OTHER PROPERTY:** YES

**INJURIES: OPERATOR:** NO     **PASSENGER:** NO  **OTHER:** NO

**EQUIPMENT MALFUNCTION ALLEGED:** NO  **ACTION TAKEN:** N/A

19 JAN 31  1:40pm

**DESCRIPTION OF OCCURRENCE:** The Operator was involved in an event with another vehicle while operating coach 39103 at Forney and Wimbelton.

**OPERATOR STATEMENT:** Operator stated in the report that" BUS WAS WESTBOUND AT FORNEY AND WIMBLETION , AT A BUS STOP, AFTER PICKING UP CUSTOMERS I CHECKED MY MIRRORS TO MAKE SURE THAT EVERYTHING WAS CLEAR, THEN I PROCEEDED TO MOVE FORWARD, WHILE DRIVING A TRUCK TURN FROM MY LEFT SIDE TO MAKE A RIGHT TURN IN FRONT OF MY BUS, IN DOING SO HE HIT THE BIKE RACK CAUSING DAMAGE TO IT AND A CUSTOMERS BIKE, "

**FIELD SUPERVISOR /POLICE STATEMENT:** FS: Operator stated as she aboard passengers at the bus stop then proceeded, A 2011 white truck Ford F 250 driven by Mr. Roberto Lemus of 3416 Cypress Ave careened around the bus making contact with bus 39044 front bicycle rack and bicycle that was on board the rack.... PR: UNIT #2 WAS TRAVELING EASTBOUND IN THE 4700 BLOCK OF WIMBELTON. IN THE MAIN LANE.  UNIT #1 WAS TRAVELING EASTBOUND IN THE 00 BLOCK OF WIMBELTON RD.  UNIT #1 TURNED IMPROPERLY FROM ONG LANE MAKING A RIGHT HAND TURN FROM WIMBELTON RD. INTO A IVATE DRIVE COLLIDING 4-RBQ-1 TO 12-FL-1 TO UNIT #2

**JUSTIFICATION OF CLASSIFICATION:** This event was classified as a PREVENTABLE ACCIDENT as the operator failed to ensure the clearance prior to merge back in to the traffic.

**30 MONTH ACCIDENT/INCIDENT HISTORY: PRIOR PREVENTABLE ACCIDENTS 1:     PRIOR PREVENTABLE INCIDENT: 5**
**VIDEO:** 3OXQ-2B6MZ    **SPEAR REPORT #:** 105119779    **SPEAR REPAIR COST:** 879.94

**Safety Officer's Signature:** *Jacob James*     **Date:** 1/31/2019

**Employee's Signature:** _____     **Date:** _____

**Manager's Signature:** [signature]     **Date:** 2-7-19

**APPEAL PROCESS:** A Preventable Classification may be appealed by submitting a written statement referencing the file number above explaining why this event is believed to be a Non-Preventable Classification. Fax to the Director of Operations Safety within 5 days of receipt of this classification.  Fax # 214-749-3670 or email to Jdelacruz@dart.org.

Page 1 of 1

OS-1Arev818

# CIVIL COVER SHEET

RECEIVED

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

2019

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Shirley A Flowers

**DEFENDANTS** DART

**(b)** County of Residence of First Listed Plaintiff  Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**3-19CV-1355N**

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Constitution Due Process
Brief description of cause: Denial of Due Process + Fraud Qui Tam

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 500M
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE