IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHIRLEY A. FLOWERS, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:19-CV-1355-N-BK |
| § | |
| GARY C. THOMAS, ET AL., § | |
| § | |
| DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States Magistrate Judge for case management. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

Upon initial examination of Plaintiff's complaint, the undersigned determined that the complaint did not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). Doc. 6. The Court additionally observed that Plaintiff had not (1) paid the required filing and administrative fees of $400.00 or submitted a request for leave to proceed *in forma pauperis* or (2) registered to utilize the Court's electronic case filing system ("CM/ECF") as required.

Accordingly, the Court ordered Plaintiff to (1) submit an amended complaint in compliance with Rule 8(a); (2) either file a motion for leave to proceed *in forma pauperis* or pay the $400.00 fee; and (3) register to access CM/ECF. The Court warned Plaintiff that if she did not comply with the order by June 24, 2019, her case may be dismissed for failure to comply with the Court's order. Doc. 6. To date, Plaintiff has not taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order, but she has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on July 25, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE